# EXHIBIT L

# BAD FAITH INSTRUCTIONS

## Introduction

These instructions are not materially changed from RAJI (CIVIL) 4th.

The duty of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986). In *Rawlings*, the court first considered the types of contractual relationships in which a breach of the duty of good faith and fair dealing would give rise to a cause of action in tort. *Id.* at 158-61, 726 P.2d 572-75. Since *Rawlings*, various appellate courts have analyzed whether tort damages are available for the breach of the duty of good faith and fair dealing in specific contexts. In *Oldenburger v. Del Webb Dev. Co.*, 159 Ariz. 129, 765 P.2d 531 (Ct. App. 1988), the court concluded that tort damages are not available for a breach of the duty of good faith and fair dealing arising out of a real estate contract. In *Dodge v. Fidelity & Deposit Co. of Maryland*, 161 Ariz. 344, 778 P.2d 1240 (1989), the court concluded that tort damages are available in a bad faith action against a surety on a contractor's performance bond. In *Burkons v. Ticor Title Ins. Co.*, 168 Ariz. 345, 813 P.2d 710 (1991), the court affirmed the dismissal of a bad faith case against an escrow agent, but declined to decide whether tort damages might be available in other bad faith cases against escrow agents. In *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 888 P.2d 1375 (Ct. App. 1994), the court held that tort damages are not available in a bad faith action by an employee against an employer.

The RAJI (CIVIL) 5th Bad Faith instructions are drafted for use in insurance cases only. In noninsurance cases involving breach of the duty of good faith and fair dealing, other instructions may be necessary. *See, e.g.*, RAJI (CIVIL) 5th Contract Instruction 16, and Employment Law Instruction 3.

The Bad Faith instructions are divided into two sections: first-party bad faith and third-party bad faith. The differences between these kinds of claims are stated in *Clearwater v. State Farm Mut. Auto. Ins. Co.*, 164 Ariz. 256, 258, 792 P.2d 719, 721 (1990):

> "First-party coverage arises when the insurer contracts to pay benefits directly to the insured. Examples of first-party coverage include health and accident, life, disability, homeowner's fire, title, and property damage insurance. In contrast, third-party coverage arises when the insurer contracts to indemnity the insured against liability to third parties . . . . The type of claim is not determined by the identity of the party bringing the bad faith action against the insured. For example, a third-party action might be brought by the *insured* in the event that he is subjected to excess liability by reason of the insurer's bad faith refusal to settle. In that event, the standards applicable to third-party claims would govern the action, although it was brought by the insured, rather than a third-party assignee."

REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), 5TH

# BAD FAITH 1 (FIRST-PARTY)
## Duty of Good Faith and Fair Dealing

There is an implied duty of good faith and fair dealing in every insurance policy. [*Name of plaintiff*] claims that [*name of defendant*] breached this duty.

To prove that [*name of defendant*] breached the duty of good faith and fair dealing, [*name of plaintiff*] must prove:

1. [*Name of defendant*] intentionally[1] [denied the claim] [failed to pay the claim] [delayed payment of the claim][2] without a reasonable basis for such action; and

2. [*Name of defendant*] knew that it acted without a reasonable basis, or [*name of defendant*] failed to perform an investigation or evaluation adequate to determine whether its action was supported by a reasonable basis.

---

SOURCE: *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 854 P.2d 1134 (1993); *Noble v. Nat'l American Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981); *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986).

USE NOTE: **Introductory Use Note for First-Party Cases:** It is anticipated that RAJI (CIVIL) 5th Bad Faith 1, 4, 5, and 6 will be given in all first-party bad faith cases. RAJI (CIVIL) 5th Bad Faith 2, 3, and 7 should be used when appropriate given the facts of the case.

[1] In most cases the "intent" element will not be an issue, and the word "intentionally" could be omitted from the instruction. *See* Use Note to Bad Faith 3.

[2] Use the bracketed words applicable to the facts of the case. These brackets are only applicable to cases involving allegations of improper handling of claims. Other language will need to be fashioned for cases with allegations of other improper conduct of the insurer. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (insurance company held liable for bad faith for improper withholding of investigative report); *Spindle v. Travelers Ins. Co.*, 136 Cal. Rptr. 404 (Ct. App. 1977) (wrongful cancellation of malpractice insurance policy may violate duty of good faith and fair dealing).

*Continued*

BAD FAITH INSTRUCTIONS

# BAD FAITH 1 (FIRST-PARTY)
## Duty of Good Faith and Fair Dealing

*Continued*

COMMENT: 1. Reckless Disregard: Some of the appellate cases state that a cause of action for first-party bad faith have two elements: (1) the lack of a reasonable basis for the insurer's decision, and (2) knowledge or reckless disregard of the lack of a reasonable basis. *Clearwater v. State Farm Mut. Auto. Ins. Co,* 164 Ariz. 256, 792 P.2d 719 (1990); *Farr v. Transamerica Occidental Life Ins. Co.,* 145 Ariz. 1, 699 P.2d 376 (Ct. App. 1984); *Trus Joist Corp. v. Safeco Ins. Co.,* 153 Ariz. 95, 104, 735 P.2d 125, 134 (Ct. App. 1986). *Rawlings,* 151 Ariz. at 160, expresses the "reckless disregard" element in the following way: ". . . or failed to perform an investigation adequate to determine whether its position was tenable." The Committee preferred the *Rawlings* formulation because it seemed more likely to be of guidance to a jury than would the phrase "reckless disregard." For clarity and consistency, however, the Committee recast the "tenable position" language used by *Rawlings* into the "reasonable basis" language used in the rest of the instruction—they mean the same thing.

2. Fairly Debatable: Many of the cases discussing first-party bad faith use the term "fairly debatable." Although the supreme court has indicated that this concept is appropriate for an instruction in a first-party bad faith case, the court has also held that the failure to give an instruction containing the phrase "fairly debatable" in a first-party bad faith case is not error. *Compare Clearwater v. State Farm Mut. Auto. Ins. Co.,* 164 Ariz. 256, 792 P.2d 719 (1990) *with Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 538, 647 P.2d 1127, 1136 (1982). The Committee decided not to include the words "fairly debatable" in these instructions, reasoning that the phrase was susceptible to misconstruction, and the concept was adequately and more clearly covered by the "reasonable basis" language.

3. Insured's Duty of Good Faith: The duty of good faith and fair dealing applies to both the insurer and the insured. *Rawlings v. Apodaca,* 151 Ariz. at 153. There is no Arizona case defining the effect and application of a breach of the duty of good faith and fair dealing by the insured. It is currently unknown whether the insured's bad faith would act as a complete bar, a comparative defense, or merely as evidence that the jury may consider on the issue of causation. Accordingly, the Committee has not attempted to draft any instructions regarding the effect and application of bad faith by the insured.

(July 2013)                                    3

REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), 5TH

## BAD FAITH 2 (FIRST-PARTY)

### Adequacy of Investigation

In all aspects of investigating or evaluating a claim, [*name of defendant*] is required to give as much consideration to [*name of plaintiff*]'s interests as it does to its own interests.

---

**SOURCE:** *Rawlings v. Apodaca,* 151 Ariz. 149, 157, 726 P.2d 565, 573 (1986).

**COMMENT:** *Rawlings* cites *Tank v. State Farm Fire & Cas. Co.,* 715 P.2d 1133 (Wa. 1986), for the proposition that an insurer must deal fairly with an insured, giving equal consideration in all matters to the insured's interests. Although this instruction addresses only the issues of investigation and evaluation, it can be modified to include other specifics if other specifics are at issue in the case.

BAD FAITH INSTRUCTIONS

# BAD FAITH 3 (FIRST-PARTY)
## Definition of Intentional[1]

To prove that [*name of defendant*] acted intentionally [on the bad faith claim], [*name of plaintiff*] must prove that [*name of defendant*] intended its conduct, but [*name of plaintiff*] does not need to prove that [*name of defendant*] intended to cause injury.

*Name of defendant*]'s conduct is not intentional if it is inadvertent or due to a good faith mistake.

---

**SOURCE:** *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 995 P.2d 276 (2000); *Rawlings v. Apodaca,* 151 Ariz. 149, 160, 726 P.2d 565, 576 (1986); *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 20 P.3d 1158 (Ct. App. 2001); *Deese v. State Farm Mut. Auto. Ins. Co.*, 168 Ariz. 337, 813 P.2d 318 (Ct. App. 1991).

**USE NOTE:** Use the bracketed phrase if the case includes claims in addition to the bad faith claim.

[1] In *Rawlings*, the supreme court defined the intent requirement in first-party bad faith cases as "the intent to do the act." 151 Ariz. at 160. This was distinguished from "inadvertence, loss of papers, misfiling of documents and like mischance." *Id.* at n. 5. In most cases, this "intent" element will not be at issue. Where the issue of intentional conduct is not at issue, the instruction should not be given.

**COMMENT:** The intent element of a bad faith claim is the general intent to do the act. Many bad faith cases will also include a punitive damages claim. The intent element stated in a punitive damages claim is the specific intent to cause injury. *See* Element (1) of RAJI (CIVIL) 5th Personal Injury Damages 4. This Bad Faith 3 general intent instruction, when given with RAJI (CIVIL) 5th Personal Injury Damages 4, makes clear the difference between the intent elements of a bad faith claim and a punitive damages claim. The Bad Faith 3 general intent instruction should not be used in anything but bad faith cases.

For a statutory definition of "intentionally," see A.R.S. § 13-105(6)(a).

REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), 5TH

# BAD FAITH 4 (FIRST-PARTY)

## Causation

Before you can find [*name of defendant*] liable [on the bad faith claim], you must find that [*name of defendant*]'s breach of the duty of good faith and fair dealing was a cause of [*name of plaintiff*]'s damages.

A breach of duty is a cause of damages if it helps produce the damages, and if the damages would not have occurred without the breach.

---

**SOURCE:** RAJI (CIVIL) 4th Bad Faith 4; RAJI (CIVIL) 5th Fault 2.

**USE NOTE:** Use the bracketed phrase if the case includes claims in addition to the bad faith claim.

BAD FAITH INSTRUCTIONS

# BAD FAITH 5 (FIRST-PARTY)
## Plaintiff's Burden of Proof (Bad Faith)

[On the bad faith claim,] [*name of plaintiff*] must prove:

1.  [*name of defendant*] breached the duty of good faith and fair dealing;[1]

2.  [*name of defendant*]'s breach was a cause of [*name of plaintiff*]'s damages; and

3.  The amount of [*name of plaintiff*]'s damages.

---

SOURCE: *Rawlings v. Apodaca,* 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986).

USE NOTE: Use the bracketed phrase if the case includes claims in addition to the bad faith claim.

[1] Bad Faith 1 instructs on the elements for proving breach of the duty of good faith and fair dealing. Bad Faith 1 is necessary in any case in which Bad Faith 5 is given.

COMMENT: Breach of Contract Issues: A claim for breach of the duty of good faith and fair dealing is a tort claim that arises out of contract. Many bad faith cases will also have breach of contract issues. However, there may be bad faith cases in which no breach of contract issues are submitted to the jury. These cases may involve a delay in payment of benefits, *Borland v. Safeco Ins. Co. of America,* 147 Ariz. 195, 709 P.2d 552 (Ct. App. 1985), or other tortious conduct by the insurer. *Rawlings v. Apodaca,* 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (insurer liable for bad faith refusal to supply investigative report to insured).

Contract case instructions are found in the RAJI (CIVIL) 5th Contract Section. Additional instructions may be necessary in insurance contract cases. For example, an insurer has the burden of proving that an exclusionary provision applies. *Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 354, 723 P. 2d 703 (Ct. App. 1985), *rev'd on other grounds,* 150 Ariz. 326, 723 P.2d 675 (1986).

REVISED ARIZONA JURY INSTRUCTIONS (CIVIL), 5TH

# BAD FAITH 6 (FIRST-PARTY)
## Statement of Liability Issues

If you find that [*name of defendant*] did not breach the duty of good faith and fair dealing, then your verdict [on the bad faith claim] must be for [*name of defendant*], even if you find that [*name of defendant*] incorrectly [denied] [failed to pay] [delayed payment of][1] [*name of plaintiff*]'s claim for benefits.

If you find that [*name of defendant*] did breach the duty of good faith and fair dealing and that [*name of defendant*]'s breach was a cause of [*name of plaintiff*]'s damages, then your verdict [on the bad faith claim] must be for [*name of plaintiff*], even if you find that [*name of defendant*] correctly [denied] [failed to pay] [delayed payment of] [*name of plaintiff*]'s claim for benefits.

---

SOURCE: RAJI (CIVIL) 5th Fault 4; *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 995 P.2d 276 (2000); *Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 838 P.2d 1265 (1992); *Rawlings v. Apodaca*, 151 Ariz. 149, 157, 726 P.2d 565, 573 (1986).

USE NOTE: [1] Use the bracketed option consistent with that used in RAJI (CIVIL) 5th Bad Faith 1.

(July 2013)                    8

Case 1:19-cv-01233-JPB   Document 26-12   Filed 01/17/20   Page 10 of 10

BAD FAITH INSTRUCTIONS

# BAD FAITH 7 (FIRST-PARTY)

## Measure of Damages

If you find that [*name of defendant*] is liable to [*name of plaintiff*] [on the bad faith claim], you must then decide the full amount of money that will reasonably and fairly compensate [*name of plaintiff*] for each of the following elements of damage proved by the evidence to have resulted from [*name of defendant*]'s breach of the duty of good faith and fair dealing:

1. The unpaid benefits of the policy;

2. Monetary loss or damage to credit reputation experienced and reasonably probable to be experienced in the future; and

3. Emotional distress, humiliation, inconvenience, and anxiety experienced, and reasonably probable to be experienced in the future.

---

**SOURCE:** *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); *Farr v. Transamerica Occidental Life Ins. Co.*, 145 Ariz. 1, 7, 699 P.2d 376, 382 (Ct. App. 1984).

**USE NOTE:** Use the bracketed phrase if the case includes claims in addition to the bad faith claim.

**Elements of Damages:** Instruct only on those elements of damages for which there is proof. If plaintiff has suffered physical injury as a result of defendant's bad faith, consider using an appropriately modified version of RAJI (CIVIL) 5th Personal Injury Damages 1.

**COMMENT: Interest:** Plaintiff may be entitled to interest on the unpaid benefits of the policy. If there is no dispute about the amount of unpaid benefits the court can, after the verdict, simply add in the interest at the legal rate. If there is a dispute about the amount of the unpaid benefits, special interrogatories to the jury may be necessary.

(July 2013)                                   9